UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Columbia Gas Transmission, LLC,**

    **Plaintiff,**

    v.

**16.907 Acres of Land, More or Less, In Jackson and Lawrence Counties, Ohio, *et al.*,**

    **Defendants.**

Civil Action 2:20-cv-782

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff Columbia Gas Transmission, LLC ("Plaintiff") moved for a preliminary injunction and order of condemnation pursuant to the Natural Gas Act, 15 U.S.C. § 717 ("NGA") and Federal Rules of Civil Procedure 71.1 and 65. Mots., ECF Nos. 4, 5. The Notice of Condemnation was issued by the Clerk on February 11, 2020. ECF No. 7. Thereafter, an Affidavit of Service for Summons was filed by Plaintiff reflecting a February 12, 2020 service date for the Notice of Condemnation on Caliber Home Loans, Inc. ("Defendant"), making Defendant's responsive pleading due by March 4, 2020. ECF No. 8. The deadline for filing has passed, and Defendant has not responded or otherwise entered an appearance. Accordingly, on May 18, 2020, Plaintiff applied for, and the next day was granted, a Clerk's entry of default. ECF Nos. 16, 17. On May 27, 2020,

Plaintiff moved for default judgment against Defendant. Mot., ECF No. 19. Once again, the time for response has expired, and Defendant has not responded.

Federal Rule of Civil Procedure 55(b) authorizes a court to enter default judgment against a party whose default has previously been entered by the Clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations in the Complaint. *See Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007) (entry of default "conclusively establishes every factual predicate of a claim for relief").

The NGA establishes a comprehensive federal regulatory scheme for the interstate transportation and sale of natural gas. 15 U.S.C. § 717(b). Congress delegated the regulatory authority established by the NGA to the Federal Energy Regulatory Commission ("FERC"). *Alliance Pipeline L.P. v. 4,500 Acres of Land*, 911 F. Supp. 2d 805, 810 (D.N.D. 2012) (citing 42 U.S.C. § 7171). Natural gas companies may undertake the construction or operation of natural gas facilities only if FERC issues to the company a certificate of public convenience and necessity authorizing such conduct. 15 U.S.C. § 717f(c)(1)(A).

Relevant to this action, the NGA permits natural gas companies, through the right of eminent domain, to acquire property rights necessary to facilitate the operation and construction of a natural gas pipeline. 15 U.S.C. § 717f(h). Specifically, a natural gas company may exercise the right of eminent domain to acquire property rights where: (1) the company holds a certificate of public

convenience and necessity; (2) the company is unable to acquire the property by contract or is unable to agree with the property owners as to the amount of compensation to be paid; and (3) the use of the property is necessary to comply with the certificate. 15 U.S.C. § 717f(h). District courts have jurisdiction over cases only where the amount claimed by the property owner exceeds $3,000. *Id.* Satisfaction of these requirements establishes a substantive right to condemnation.

Here, the unchallenged factual allegations set forth in Plaintiff's Complaint for condemnation and injunctive relief satisfy the requirements set forth above, and Defendant's default establishes these facts as admitted.

Specifically, on January 23, 2020, FERC granted Plaintiff a certificate of public convenience and necessity to construct and operate the Buckeye XPress Pipeline Project. *See* Certificate, ECF No. 1-1. Furthermore, the Declaration of Tyler Hallinan ("Hallinan"), Plaintiff's project manager, establishes that Plaintiff was unable to reach an agreement as to compensation for the Easements with some of the property owners or interest holders, that the use of the properties at issue is necessary to implement the pipeline project, and that the amount claimed by Defendant exceeds $3,000.00. Hallinan Decl. ¶¶ 14, 17, 19, 25 ECF No. 4-1.

Accordingly, and based on the foregoing, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant and hereby **ISSUES** an Order of

Condemnation to allow Plaintiff immediate access to and use of the Easement for the purposes of the project.  Because Plaintiff represents that it has reached an agreement with all the remaining landowners or interest holders in this case, *see* Mot. for Default J. 3, ECF No. 19, the Court **DIRECTS** the Clerk to **TERMINATE AS MOOT** ECF Nos. 4 and 6.  Finally, the parties are **DIRECTED** to file an entry of dismissal or status report within **THIRTY DAYS** of the date of this Order.

    **IT IS SO ORDERED.**

    */s/ Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**